UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONSUELO JORDAN, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Civil Action No. 1:23-cv-02718 (UNA) |
| JASPER ORMOND, et al., | ) <br> ) |
| Defendants. | ) <br> ) |

**MEMORANDUM OPINION**

Currently before the Court is Plaintiff's letter, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court will grant Plaintiff's IFP application, and for the reasons discussed below, will dismiss this case without prejudice.

First, Plaintiff, who is proceeding *pro se*, has attempted to initiate this civil matter by filing a letter, which she may not do; she must file a complaint. *See* Fed. R. Civ. P. 3; *see also In re Sealed Case No. 98-3077*, 151 F.3d 1059, 1069 n.9 (D.C. Cir. 1998) (citing Fed. R. Civ. P. 3); *Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002). Moreover, her letter is addressed to a specific judge, in direct contravention of D.C. Local Civil Rule 5.1(a).

Second, assuming *arguendo* that Plaintiff's letter may be construed as a civil complaint, it fails to state a cognizable claim. Plaintiff names Jasper Ormond, who appears to be affiliated with the federal Court Services and Offender Supervision Agency ("CSOSA"), as a defendant, and she seemingly references other defendants who are never identified. In her letter, Plaintiff asks this Court to transfer a case from the United States District Court for the Eastern District of Virginia to this District, and then grant her various forms of relief in that transferred matter. But this Court has no authority to review the decisions of other federal courts or to exert jurisdiction over them.

*See United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts"). To the extent that Plaintiff seeks a transfer of her matter before the Eastern District of Virginia, she must ask for such relief in that court, not this one. *See* 28 U.S.C. §§ 1404(a), 1406(a).

Moreover, Plaintiff's claims, as far as they can even be understood, fail to satisfy the requirements of Federal Rule of Civil Procedure 8(a). Rule 8(a) requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Here, Plaintiff's rambling letter jumps from topic to topic without transition or connection. She broadly discusses her employment history, personal health struggles, and broad claims of employment discrimination that she appears to have raised in her case before the Eastern District of Virginia and in D.C. Superior Court, and she asks this Court to decline to "reduce" Ormond's "bail," and to issue a "criminal protective order" to protect her from Ormond.

Where, as here, a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments," it does not fulfill the requirements of Rule 8. *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017) (cleaned up), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort*

*Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (cleaned up).  Further, Plaintiff has filed a civil case, and the Court cannot order the type of "criminal" relief that she demands. *See Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995); *see also Cox v. Sec'y of Lab.*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases).

    For all of these reasons, this case is dismissed without prejudice. Plaintiff's motion to transfer case from the United States District Court for the Eastern District Court of Virginia, ECF No. 3, is denied. A separate order accompanies this memorandum opinion.

Date:  November 27, 2023

/s/_____
  ANA C. REYES
  United States District Judge